UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCUS SIMPSON,                               Case No. 1:22-cv-251

       Plaintiff,

                                                    Barrett, J.

vs.                                                        Bowman, M.J.

OFFICE OF HAMILTON COUNTY
PROSECUTOR, JOE DETERS,

       Defendant.

### REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* action against Hamilton County Prosecutor Joe Deters. By separate Order, plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)

A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction, but ultimately finding the plaintiffs' claims raised under 42 U.S.C. § 1983 and 28 U.S.C. §

1

1343(3) formally alleged a deprivation of constitutional rights and thus were not unsubstantial or wholly frivolous); *In re Bendectin Litig.,* 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims, but then allowing an arguably plausible claim to proceed). The requirement that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant to *Hagans*. *See Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983).

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-

2

me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 and U.S. at 93 (citations omitted).

Plaintiff's complaint alleges constitutional violations stemming from his state court criminal proceedings. In his statement of facts, Plaintiff indicates that on May 19, 1983 the Hamilton County grand jury returned an indictment charging plaintiff with aggravated robbery. (Doc. 1, Complaint p. 3). Plaintiff was ultimately found guilty and sentenced to a prison term of five to twenty-five years. Id. Plaintiff notes that over the past 39 years he has been trying to get a merit hearing to litigate his actual innocence and wrongful incarceration and conviction based on perjury claims(s). (Doc. 1 at 2). For relief, Plaintiff requests a bench trial on this claim, an order requiring Defendant to petition the Hamilton County Court of Common Pleas for a merit hearing on Plaintiff's claims, ordering the County to establish a Conviction Integrity Unit, and to order that Plaintiff be allowed to file his application with the Cuyahoga County Conviction Integrity Unit. (Doc. at 5).

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. As an initial matter, it appears clear from the face of the complaint that it is time-barred. A civil rights action under 42 U.S.C. § 1983 is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Ewing v. O'Brien*, 115 F. App'x 780, 783 (6th Cir. 2004) ("Section 1983 claims brought in federal court in Ohio are subject

3

to the two-year statute of limitations period set forth in Ohio Rev. Code § 2305.11."); *Huffer v. Bogen*, No. 1:10-cv-312, 2011 WL 5037209, at *12 (S.D. Ohio Oct. 24, 2011) (and authorities cited therein) ("With respect to alleged violation[s] of 42 U.S.C. § 1983, such claims are governed by Ohio's personal injury statute of limitations, which is two years."). Here, plaintiff's allegations all concern conduct that occurred in 1984, during plaintiff's state court criminal proceedings. Therefore, the complaint under § 1983, filed approximately twenty-eight years later, is time-barred.

Plaintiff's claims against the Hamilton County Prosecutor Deters must also be dismissed because plaintiff seeks relief from a defendant who is immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler,* 424 U.S. at 431. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. See Spurlock v. Thompson, 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler*, 424 U.S. at 413, 430; *Buckley v. Fitzsimmons*, 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously*." Lomaz v. Hennosy*, 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

4

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MARCUS SIMPSON, | Case No. 1:22-cv-251 |
| Plaintiff, | |
| vs. | Barrett, J.<br>Bowman, M.J. |
| OFFICE OF HAMILTON COUNTY PROSECUTOR, JOE DETERS, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).