UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marcus Simpson,

    Plaintiff,

v.

Joseph T. Deters,

    Defendant.

Case No. 1:22-cv-251

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Magistrate Judge's May 20, 2022 Report and Recommendations ("R&R") recommending that this action be dismissed with prejudice for failure to state a claim for relief; and recommending that pursuant to 28 U.S.C. § 1915(a) that an appeal of any order adopting the R&R would not be taken in good faith and therefore Plaintiff should be denied leave to appeal *in forma pauperis*. (Doc. 4). Plaintiff has filed Objections to the R&R. (Doc. 6).

    **I.**    **BACKGROUND**

Plaintiff filed a *pro se* complaint against Defendant Joseph T. Deters on May 6, 2022, along with a Motion for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 1). On May 20, 2022, the Magistrate Judge granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

According to the Complaint, on May 19, 1983, a Hamilton County grand jury indicted Plaintiff for aggravated robbery. (Doc. 3, Page ID 36). Plaintiff claims that at trial the alleged victim of the robbery testified that Plaintiff did not "attempt[] to take his money." (Doc. 3, Page ID 36). Based on this potentially exculpatory evidence, Plaintiff filed a

motion for judgment of acquittal; however, the judge overruled Plaintiff's motion. (Doc. 3, Page ID 36). On April 23, 1984, Plaintiff was found guilty of aggravated robbery. (Doc. 3, Page ID 36). Plaintiff was sentenced to five to twenty-five years in prison. (Doc. 3, Page ID 36).

Plaintiff brings his claims in this Court pursuant to 42 U.S.C. § 1983. (Doc. 3, Page ID 34). Plaintiff alleges Defendant "illegally withheld and omitted" evidence of Plaintiff's "actual innocence." (Doc. 3, Page ID 36). Plaintiff requests (1) a bench trial on his claim, (2) an order requiring Defendant to petition the Hamilton County Court of Common Pleas for a merit hearing on his claim, (3) an order requiring Defendant to establish a conviction integrity unit to review Plaintiff's conviction, (4) an order allowing Plaintiff's conviction to be reviewed by the Cuyahoga County conviction integrity unit, or (5) any other relief deemed fair. (Doc. 3, Page ID 38).

The Magistrate Judge conducted a *sua sponte* review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge concluded that Plaintiff's Complaint should be dismissed with prejudice because Plaintiff's claim is time barred and Defendant is immune from suit. The Magistrate Judge further recommended that it be certified pursuant to 28 U.S.C. § 1915(a) that any appeal of an order adopting the R&R not be taken in good faith. (Doc. 4).

Plaintiff filed a timely objection to the R&R on June 23, 2022. (Doc. 6). In his Objections, Plaintiff first argues that his claim is not time barred because he has satisfied

the elements for tolling of the statute of limitations. (Doc. 6, Page ID 59). Plaintiff maintains the statute of limitations should be tolled because he has "pursued his rights diligently" and "the circumstances outside [his] control are extraordinary." (Doc. 6, Page ID 61). In support of this argument, Plaintiff cites *Holland v. Florida*, 560 U.S. 631 (2010) (holding the habeas deadline may be tolled under "extraordinary circumstances").

Next, Plaintiff argues that Defendant is not immune from this suit. (Doc. 6, Page ID 62). Plaintiff explains that absolute prosecutorial immunity applies only to damages, and therefore, does not bar this suit because he is seeking injunctive relief only. (Doc. 6, Page ID 62).

Finally, Plaintiff argues that he should be allowed to amend his complaint to do a "better job of formulating his assertions." (Doc. 6, Page ID 64). Plaintiff explains that his amended complaint would include two additional Section 1983 claims based on the Fourteenth Amendment's guarantee of equal protection and the Eight Amendment's prohibition of cruel and unusual punishment. (Doc. 6, Page ID 64-65).

II. ANALYSIS

A. Standard of review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and it tantamount to a complete failure to object.").

A plaintiff proceeding *in forma pauperis* does not have to incur any filing fees or court costs, leading to the lack of an economic incentive to not file any frivolous, malicious, or repetitive lawsuits. *Denton v. Hernandez*, 504 U.S. 25,31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). This Court can dismiss the *in forma pauperis* complaint if it is found that the action is frivolous or malicious. 28 U.S.C. §§1915(e)(2)(B)(i). A complaint may be frivolous if there is not a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29. Although detailed factual allegations are not required, there needs to be enough factual content, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Court must accept allegations of facts as true except conclusory statements or mere threadbare recitations of the elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, *pro se* plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)).

The Court now turns to Plaintiff's objections.

### B. Statute of limitations

Congress has not adopted a statute of limitations for actions brought under 42 U.S.C. § 1983. Therefore, federal courts borrow the statute of limitations from the

4

personal injury statute of the state where the action is brought. *Buck v. City of Highland Park*, 733 F. App'x 248, 252 (6th Cir. 2018) (citing *Banks v. City of Whitehall*, 344 F. 3d 550, 553 (6th Cir. 2003)). Actions like this one, brought in Ohio under 42 U.S.C. § 1983, are governed by the two-year statute of limitations found in Ohio Revised Code § 2305.10. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *Ewing v. O'Brien*, 115 F. App'x 780, 783 (6th Cir. 2004).

Plaintiff's allegations concern conduct surrounding his 1984 conviction for aggravated robbery. (Doc. 4). Plaintiff filed his complaint in 2022, approximately thirty-eight years after his conviction. Plaintiff's claim is clearly time barred. Plaintiff does not dispute this. Instead, Plaintiff argues that he has established the elements necessary for equitable tolling of the statute of limitations, and therefore, should be allowed to proceed with his claim. (Doc. 6, Page ID 59).

Equitable tolling provides that a statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitation period expired. *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010) (citing *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008)). In practice, equitable tolling pauses the running of a statute of limitations when a litigant has "pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). Equitable tolling is a form of relief that "should be granted only sparingly." *Amini v. Oberlin College*, 259 F. 3d 493, 497 (6th Cir. 2001).

The Sixth Circuit considers five factors when determining whether to apply equitable tolling. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). These factors are: 1) the plaintiff's lack of (actual) notice of the filing requirement, 2) the plaintiff's

5

lack of constructive knowledge of the filing requirement, 3) the plaintiff's diligence in pursuing his rights, 4) an absence of prejudice to the defendant, and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id.* (citing *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014)).

Plaintiff proposes that the two-prong test articulated by the Supreme Court in *Holland v. Florida*, 560 U.S. 631 (2010), a habeas corpus case, be used in place of the five-factor test. (Doc. 6, Page ID 60). Under the *Holland* test, equitable tolling applies when the plaintiff has demonstrated that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649. The *Holland* test does not apply here. The Sixth Circuit has only employed the *Holland* test in habeas corpus cases; the Sixth Circuit has expressly declined to adopt the *Holland* test in cases brought under other causes of action. *See Zappone*, 870 F.3d at 557.[1]

Under the five-factor test, the party seeking equitable tolling has the burden of establishing their entitlement to it. *Zappone*, 870 F.3d at 556. For the reasons that follow, Plaintiff has not met that burden.

Plaintiff only generally claims that he has "pursued his rights diligently" and "[t[he circumstances outside of his control are extraordinary." (Doc. 6 Page ID 61). Plaintiff does

---

[1] In *Zappone*, the Sixth Circuit considered equitable tolling in a case brought under the Federal Tort Claims Act (FTCA). *Id.* at 556. The court held that it was precluded from supplanting five-factor test in favor of the *Holland* test. *Id.* at 557. The court explained that that "the Supreme Court has never expressly adopted the *Holland* test outside of the habeas context," and the Sixth Circuit has always used the five-factor test in FTCA actions. Therefore, the court held it should not "embrace a new equitable-tolling standard for FTCA cases (or, potentially, for other types of non-habeas civil cases)." *Id.* However, the court noted that the *Holland* test may inform a consideration of the five-factor test because the two approaches are "quite compatible and may often lead to the same result." *Id.*

6

not discuss what the extraordinary circumstances were, how they prevented him from filing a timely action, or how he pursued his rights diligently in the interim. Plaintiff has not claimed that he discovered the injury after the limitation period expired. In fact, the relevant facts suggest Plaintiff has been aware of the injury since his criminal trial. Additionally, Plaintiff's complaint and objection are devoid of any suggestion that he lacked actual or constructive notice of the filing requirement (the first and second factors). Further, Plaintiff does not discuss an absence of prejudice to the defendant or Plaintiff's own reasonableness in remaining ignorant of the legal requirement (the fourth and fifth factors). Therefore, Plaintiff's objections are OVERRULED on this point; and the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's Section 1983 claim is barred by the statute of limitations.

### C. Prosecutorial immunity

Prosecutors are entitled to absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Manetta v. Macomb County Enforcement Team* 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). A county prosecutor's initiation of a prosecution and presentation of the case at trial is protected by absolute prosecutorial immunity. *Imbler v.* Pachtman, 424 U.S. 409, 430 (1976). However, under *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736 (1980), prosecutors are not immune from Section 1983 *injunctive* suits. Instead, absolute prosecutorial immunity applies only to monetary relief. *See also Davidson v. Eblen*, 142 F.3d 432 (6th Cir. 1998) (finding a claim for injunctive relief against a state judge and state prosecutor not barred by immunity). This is true even when prosecutors would otherwise enjoy absolute immunity. *Supreme Court of Virginia*, 446

7

U.S. at 736. Additionally, the Supreme Court has recognized that prosecutors and law enforcement personnel can be "proceeded against for declaratory relief." *Id.* at 737.

Here, Plaintiff requests only injunctive relief. (Doc. 3, Page ID 38). However, because Plaintiff's claim is barred by the statute of limitations, it does not matter that Defendant is not immune from Plaintiff's claim.

### D. Amended Complaint

In his objections, asks that he be allowed to amend his complaint. Plaintiff explains that an amended complaint would do a "better job of formulating his assertions by separating them" into "the amendments of the constitution that [are] being violated." (Doc. 6 Page ID 64). Plaintiff explains that "the 8th & 14th Amendments of the Constitution says plaintiff shall not have this cruel and or unusual punishments inflicted on him and he shall be afforded the same due process of the law and be treated equally under law as any and all other persons similarly situated." (Doc. 6 Page ID 64-65). Plaintiff seeks to amend his complaint to "tender clear assertions which will set out a clear cause of action of both claims." (Doc. 6 Page ID 65).

Under Federal Rule of Civil Procedure 15(a), "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). However, even if Plaintiff were allowed to amend his complaint, the suit would still be timed barred because the claims are based on the events surrounding his 1984 conviction.

### III. CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R to be thorough,

8

well-reasoned, and correct. Accordingly, the Magistrate Judge's March 20, 2022 R&R (Doc. 4) is **ADOPTED**, and Plaintiff's Objections are **OVERRULED**. It is hereby **ORDERED** that:

1. Plaintiff's Complaint (Doc. 3) is **DISMISSED with prejudice**; and

2. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order adopting the R&R would not be taken in good faith, and therefore Plaintiff is **DENIED** leave to appeal i*n forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1977).

    **IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                              JUDGE MICHAEL R. BARRETT